```
            IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION


D/FW PLASTICS, INC.,              §
                                  §
         Plaintiff,               §
                                  §
VS.                               §   NO. 4:06-CV-658-A
                                  §
GRAHAM PARTNERS, INC., ET AL.,    §
                                  §
         Defendants.              §
```

## MEMORANDUM OPINION
### and
### ORDER

The court has before it for decision a motion to dismiss filed by defendants Graham Partners, Inc., Graham Partners Investments, L.P., Graham Partners General Partners, L.P., Graham Partners Investments (GP2), L.P., Graham Partners Investments (GP), L.L.C., Graham Family Growth (GP) Company, GPC Investments, L.L.C., Graham Partners Investments (A), L.P., Graham Partners Investments (B), L.P., Steven C. Graham, Robert A. Newbold, William P. McKee, Jr. (misnamed as "William P. McGee, Jr."), Joseph G. May, Donald C. Graham, William Kerlin, Jr., Thomas Hall, NDS Holdings, L.P., NDS Holdings, GP, L.L.C., Robert S. Babcock, and Michael Gummeson (the "moving defendants") for lack of personal jurisdiction.  The court has concluded that the motion should be granted.

### I.

### The Court has Concluded that Priority Should be Given to a Ruling on the Motion to Dismiss

There have been two notices of removal filed in the above-captioned action removing the action from state court to this court.

The first notice of removal was filed September 15, 2006, by all defendants (the "removing defendants") other than BYK, Inc. ("BYK"), and Alliance Marketing and Manufacturing, Inc. ("AMM") That notice of removal was based on diversity of citizenship. The notice acknowledged that the two defendants who did not join in the notice, BYK and AMM, are citizens of the State of Texas, and that if they were properly joined in the action there would not be diversity of citizenship because D/FW Plastics, Inc., likewise is a citizen of the State of Texas.  The removing defendants contend that BYK and AMM were improperly joined to defeat diversity jurisdiction.  Plaintiff, D/FW Plastics, Inc., timely moved in response to the first notice of removal to remand the action to the state court from which it was removed, contending that BYK and AMM were properly joined as defendants. Since then numerous documents have been filed related to the propriety of the initial removal.

A second notice of removal was filed November 17, 2006, by AMM, to which defendants BYK and National Diversified Sales, Inc., consented.  The second notice of removal was predicated on 28 U.S.C. § 1452 on the ground that this court has jurisdiction of plaintiff's claims against AMM under 28 U.S.C. § 1334 by reason of a proceeding pending against it under title 11 of the United States Code.  Thus far there has not been a motion to

2

remand related to the second notice of removal, but the time for filing such a motion has not elapsed.

The subject-matter jurisdiction questions that are raised by the first-filed notice of removal, the motion to remand, the response to the motion to remand, and related documents are difficult and novel.  On the other hand, the motion to dismiss for lack of personal jurisdiction raises straightforward personal jurisdiction issues that present no complex question of state law.  Therefore, the court has concluded that priority should be given to a ruling on the personal jurisdiction issues.  See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 578, 588 (1999).

II.

Guiding Principles Governing a Ruling on a
Motion to Dismiss for Lack of Personal Jurisdiction

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that in personam jurisdiction exists.  Wilson v. Belin, 20 F.3d 644, 648 (5th Cir.), cert. denied, 513 U.S. 930 (1994); Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985); D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F.2d 542, 545-46 (5th Cir. 1985).  The plaintiff need not, however, establish personal jurisdiction by a preponderance of the evidence; at this stage,[1] prima facie evidence of personal jurisdiction is sufficient.  WNS, Inc. v. Farrow, 884 F.2d 200,

---

[1] Eventually, the plaintiff must prove by a preponderance of the evidence that jurisdiction exists.  See DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1271 n.12 (5th Cir. 1983).

3

203 (5th Cir. 1989); Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982). The court may resolve a jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof. Command-Aire Corp. v. Ontario Mechanical Sales & Serv., Inc., 963 F.2d 90, 95 (5th Cir. 1992). Allegations of the plaintiff's complaint are taken as true except to the extent that they are contradicted by defendants' affidavits. Wyatt, 686 F.2d at 282-83 n.13 (citing Black v. Acme Markets, Inc., 564 F.2d 681, 683 n.3 (5th Cir. 1977)). Any genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of the plaintiff for the purposes of determining whether a prima facie case exists. Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1067 (5th Cir.), cert. denied, 506 U.S. 867 (1992); Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990).

In a diversity action, personal jurisdiction over a nonresident may be exercised if (1) the nonresident defendant is amenable to service of process under the law of a forum state, and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fourteenth Amendment. Wilson, 20 F.3d at 646-47; Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1166 (5th Cir. 1985) (quoting Smith v. DeWalt Prods. Corp., 743 F.2d 277, 278 (5th Cir. 1984)). Since the Texas long-arm statute has been interpreted as extending to the limits of due

4

process,[2] the only inquiry is whether the exercise of jurisdiction over the nonresident defendant would be constitutionally permissible. Bullion, 895 F.2d at 216; Stuart, 772 F.2d at 1189.

For due process to be satisfied, (1) the nonresident defendant must have "minimum contacts" with the forum state resulting from an affirmative act on the defendant's part, and (2) the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

The minimum contacts prong of the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident defendant. Bullion, 895 F.2d at 216. For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise from or be connected with such act or transaction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Even if the controversy does not arise out of or relate to the nonresident defendant's purposeful contacts with the forum, general jurisdiction may be exercised when the nonresident defendant's

---

[2] See, e.g., Guardian Royal Exchange Assurance Ltd. v. English China Clays, P.L.C., 815 S.W.2d 223, 226 (Tex. 1991); Schlobohm v. Schapiro, 784 S.W.2d 355, 357 (Tex. 1990); Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 200 (Tex. 1985).

5

contacts with the forum are sufficiently continuous and systematic as to support the reasonable exercise of jurisdiction. See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 779 (1984); Perkins v. Benguet Consol. Mining Co., 342 U.S. 437 (1952). When general jurisdiction is asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities within the forum state. Jones, 954 F.2d at 1068.

The second prong of the due process analysis is whether exercise of jurisdiction over the nonresident defendant would comport with traditional notions of fair play and substantial justice. International Shoe, 326 U.S. at 316. In determining whether the exercise of jurisdiction would be reasonable such that it does not offend traditional notions of fair play and substantial justice, the Supreme Court has instructed that courts look to the following factors: (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) shared interest of the several states in furthering fundamental substantive social policies. Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113 (1987) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)).

III.

Analysis

While the court questions whether the conclusory jurisdictional allegations contained in the pleading by which plaintiff instituted this action are sufficient to shift the burden to the moving defendants, Sept. 15 Notice of Removal, tab 4 at 7-12, ¶¶ 27-36, the court assumes for the purpose of this memorandum opinion and order that they are sufficient.  The moving defendants have met and overcome those allegations by affidavits of facts establishing lack of sufficient contacts with the State of Texas.  Mot. to Dismiss, App. at 1-53; Sept. 15 Notice of Removal, tab 29, 1-59.  Plaintiff has failed to rebut any of the affidavits of facts by which the moving defendants have made a case that this court is without personal jurisdiction over any of them.[3]

Obviously, this court lacks general jurisdiction over any of the moving defendants.  The facts they present to the court by their affidavits establish that the court cannot constitutionally exercise specific jurisdiction over any of the moving defendants.  None of them has had minimum contacts with the State of Texas resulting from an affirmative fact on his or its part such that the exercise of jurisdiction over the person of the defendant would not offend traditional notions of fair play and substantial justice.  Put another way, plaintiff simply has not brought

---

[3] Rather than to respond to the motion to dismiss, plaintiff filed a motion for extension of time to respond, urging that it should be given time to conduct discovery on the personal jurisdiction issue before making a response.  By separate order the court is denying the motion for extension of time to respond.

7

before the court any facts that would allow the court to subject the person of any of the moving defendants to this court's jurisdiction.

Therefore,

## Order

The court ORDERS that the motion to dismiss of the moving defendants be, and is hereby, granted, and that all claims asserted in the above-captioned action against any of the moving defendants be, and are hereby, dismissed for lack of personal jurisdiction.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of the claims of plaintiff against the moving defendants.

SIGNED December  11 , 2006.

                                                    /s/ John McBryde  
                                                  JOHN McBRYDE  
                                                  United States District Judge